ROBERT R. MOORE (BAR NO. 113818)
MICHAEL S. GREGER (BAR NO. 156525)
WILLIAM W. HUCKINS (BAR NO. 201098)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail: rmoore@allenmatkins.com
        mgreger@allenmatkins.com
        whuckins@allenmatkins.com

Attorneys for Secured Creditor
U.S. Bank National Association

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.  8:09-21220-RK |
| MAMMOTH CORONA I, LLC, a California limited liability company, | Chapter 11 |
| Debtor. | U.S. BANK NATIONAL ASSOCIATION'S STATUS CONFERENCE STATEMENT |
| | Date:   July 28, 2010<br>Time:   11:00 a.m.<br>Place:  Courtroom  5D<br>        411 West Fourth Street<br>        Santa Ana, California<br>Judge:  Hon. Robert N. Kwan |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

787714.01/SF                                  STATUS CONFERENCE STATEMENT

Secured Creditor U.S. Bank National Association ("U.S. Bank") submits this Status Conference Statement in connection with the Case Status Conference and Continued Hearing on Debtor's Second Amended Disclosure Statement scheduled for July 28, 2010 in the case.

1. On June 8, 2010, the Court entered its Order Granting [U.S. Bank's] Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 ("Relief from Stay Order"), terminating the automatic stay and permitting U.S. Bank to proceed with a foreclosure of its liens and security interests against Debtor's property.  The Relief from Stay Order followed a series of contested evidentiary hearings, including the feasibility of Debtor's ability to reorganize.

2. On June 30, 2010, after the Relief from Stay Order was entered, a notice of default was recorded commencing a foreclosure of the subject property.

3. Since the last hearing in this case on May 26, 2010 (and indeed for the last several months), there has been very little, if any, communication between U.S. Bank and Debtor in the case, and no communication of substance.

4. On July 15, 2010, Debtor filed its Monthly Operating Report for May 2010, which reflected significantly lower rental receipts from the subject property compared with prior months.

5. In light of entry of the Relief from Stay Order, the recording of a notice of default against the subject property and pending foreclosure the absence of any activity in the bankruptcy case, and the deteriorating operating performance at the subject property, counsel for U.S. Bank inquired of Debtor's counsel whether Debtor would stipulate to further relief from the automatic stay, to the extent necessary, to obtain the appointment of a receiver to take control of the subject property and U.S. Bank's collateral while the matter proceeds to foreclosure.  Counsel for U.S. Bank also made repeated requests for information about the property's operation and to facilitate transition of the property upon foreclosure, which requests Debtor is required to honor under, among other things, the cash collateral order in the case.  Despite the repeated requests, Debtor has not produced

1 the requested information, nor has Debtor's counsel responded to the requests that Debtor

2 stipulate to further relief from the automatic stay, to the extent necessary, to obtain the

3 appointment of a receiver for the property.

4     6.    With respect to the continued hearing on the Debtor's Second Amended

5 Disclosure Statement, Debtor's counsel previously acknowledged that Debtor's proposed

6 plan of reorganization to which the Second Amended Disclosure Statement pertains is not

7 confirmable, relief from stay has been entered allowing U.S. Bank to proceed with a

8 foreclosure of the subject property, and there has been no further activity in the case

9 (including any further amended plan of reorganization or disclosure statement) since the

10 Relief from Stay Order was entered.

11     In light of the foregoing, the pending foreclosure, the deteriorating operating

12 performance of the property, and Debtor's inactivity in the case over the past several

13 months, U.S. Bank requests the Court to grant it further relief from the automatic stay, to

14 the extent necessary, to obtain the appointment of receiver to take control of the property

15 and U.S. Bank's collateral.  Furthermore, as Debtor is no longer prosecuting this

16 bankruptcy case, its efforts to reorganize have apparently been abandoned, the operating

17 performance at the subject property is deteriorating, and no purpose is being served by

18 continuing the bankruptcy case, U.S. Bank requests the Court to set a hearing on dismissal

19 of the case pursuant to 11 U.S.C. § 1112.

20 Dated: July 26, 2010                    ALLEN MATKINS LECK GAMBLE
21                                                    MALLORY & NATSIS LLP

By: */s/ William W. Huckins*
WILLIAM W. HUCKINS
Attorneys for Secured Creditor
U.S. Bank National Association

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

-2-
STATUS CONFERENCE STATEMENT

| In re: Mammoth Corona I, LLC | CHAPTER 11 |
|---|---|
| Debtor(s) | CASE NUMBER 8:09-21220-RK |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Allen Matkins Leck Gamble Mallory & Natsis LLP, Three Embarcadero Center, 12th Floor, San Francisco, CA 94111.

A true and correct copy of the foregoing document described as **STATUS CONFERENCE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by the LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ["NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 26, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Thomas C Corcovelos, corfolaw@corforlaw.com
Michael J Hauser, michael.hauser@usdoj.gov
United States Trustee (SA), ustpregion16.sa.ecf@usdoj.gov
Michael S Greger, mgreger@allenmatkins.com
William W Huckins, whuckins@allenmatkins.com, clynch@allenmatkins.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **July 26, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy Via Overnight Mail
The Honorable Robert Kwan
United States Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street
Bin Outside Room 5097
Santa Ana, CA  92701-4593

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** *(indicate method for each person or entity served)*: Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 26, 2010 | Cynthia D. Lynch | */s/ Cynthia D. Lynch* |
|---|---|---|
| Date | Type Name | Signature |